UNITED STATES DISTRICT COURT
DISTRICT OF MAINE



| | |
|---|---|
| UNITED STATES OF AMERICA | 2024 FEB 14 P 5:42 |
| v. | |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | Case No.: 1:24-cr-00016-LEW |
| JENNA GARNISS, | |
| LUCAS MICHAUD, and | |
| JEREMY KANE | |

INDICTMENT

The Grand Jury charges:

COUNT ONE
Drug Conspiracy
(21 U.S.C. § 846)

From about May 1, 2022, through about March 24, 2023, the exact dates being unknown, in District of Maine and elsewhere, the defendants,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

JENNA GARNISS,

LUCAS MICHAUD, and

JEREMY KANE

knowingly and intentionally conspired with each other and with other persons known and unknown, to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), 841(b)(1)(A)(viii).

## QUANTITY OF METHAMPHETAMINE ATTRIBUTABLE TO EACH DEFENDANT

With respect to the defendant ▮▮▮▮▮▮▮▮▮▮ his conduct as a member of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance, and, therefore, the penalty provisions of Title 21, United States Code, Section 841(b)(1)(A)(viii) are applicable to him; and

With respect to the remaining defendants, their conduct as members of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a quantity of methamphetamine, a quantity of a mixture or substance containing methamphetamine, a Schedule II controlled substance, and, therefore, the penalty provisions of Title 21, United States Code, Section 841(b)(1)(C) are applicable to them.

Thus, the defendants violated Title 21, United States Code, Section 846.

### COUNT TWO
Conspiracy to Commit Money Laundering
(18 U.S.C § 1956(h))

From about May 1, 2022, through about March 24, 2023, the exact dates being unknown, in District of Maine and elsewhere, the defendants,

▮▮▮▮▮▮▮▮▮▮

**JENNA GARNISS,**

**LUCAS MICHAUD, and**

**JEREMY KANE**

together and with persons known and unknown, did knowingly combine, conspire, confederate and agree to commit certain offenses under Title 18, United States Code, Section 1956, in that they conducted and attempted to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute and possession with intent to distribute controlled substances in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and knowing, while conducting and attempting to conduct such financial transactions, that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1956(h) and (a)(1)(B)(i).

**COUNT THREE**
Possession with intent to distribute controlled substances
(21 U.S.C. § 841(a)(1))

On about January 25, 2023, in the District of Maine, the defendant,

**LUCAS MICHAUD**

knowingly and intentionally possessed with the intent to distribute a mixture or substance containing methamphetamine, a Schedule II controlled substance, and did aid and abet such conduct, all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(C) apply to the conduct described herein.

## FIRST FORFEITURE ALLEGATION

1.  Upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h) set forth in Count Two of this Indictment the defendants,

███████████████████

**JENNA GARNISS,**

**LUCAS MICHAUD, and**

**JEREMY KANE**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, a money judgment in the amount of all such property.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants —

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

## SECOND FORFEITURE ALLEGATION

1.  Upon conviction of the offense in violation of Title 18, United States Code, Section 846, set forth in Count One of this Indictment, the defendants,

**[REDACTED]**

**JENNA GARNISS,**

**LUCAS MICHAUD, and**

**JEREMY KANE**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, a money judgment in the amount of all such proceeds and property.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants —

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code,

Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the proceeds and property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL,

Date: 2/14/24

Signature Redacted – Original on file with the Clerk's Office

Grand Jury Foreperson

_____
Joel B. Casey
(Assistant) United States Attorney